United States District Court
Southern District of Texas
FILED

APR 19 2004

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

**GUADALUPE GARCIA-MUNIZ,** )
)
**v.** )
)
**TOM RIDGE, DIRECTOR, DEPARTMENT OF HOMELAND SECURITY, AND** )
**THE UNITED STATES OF AMERICA.** )
)

B-04-070

**PETITION FOR WRIT OF HABEAS CORPUS**

Guadalupe Garcia-Muniz, by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

## I. JURISDICTION AND VENUE

1. Petitioner Guadalupe Garcia is under an administratively final order of removal, (Petitioner's Exhibit A, incorporated by reference), and has been ordered to report for deportation on April 20, 2004. Said orders place significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963).

2. Respondent Ridge maintains offices, and Petitioner's removal proceedings were conducted, in Harlingen, Texas.

## II. THE PARTIES

3. Petitioner Guadalupe Garcia is a native and citizen of Mexico, who has resided in the U.S. for an extended period, and has been an LPR since 1993.

4. Tom Ridge is sued in his official capacity as Director of the Department of Homeland Security.

## III. THE FACTS

5. On or about March 12, 1998, on his plea of guilty, Mr. Garcia was placed under probation, in connection with a charge of (simple) possession of marijuana. At the time of his plea, a disposition granting such rehabilitative treatment did not render him subject to deportation, under *Matter of Manrique,* 21 I&N Dec. 58 (BIA 1995). Further, simple possession of marijuana was not then considered to be an aggravated felony. *See, Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995).

6. On April 1, 1998, Respondents issued a Notice to Appear, alleging that Mr. Garcia was deportable for having been convicted both of a controlled substance offense, and an aggravated felony.

7. At his hearing, Mr. Gallardo was represented by Ricardo Gonzalez, of Corpus Christi, Texas, who filed a "Motion to Terminate, or in the Alternative, to Hold Proceedings in Abeyance Pending BIA Decision." Present counsel has not yet seen said motion, and is unaware of its legal basis. Nonetheless, said motion was denied, and Mr. Garcia appealed.

8. While Mr. Garcia's case was pending, there were several significant developments in the law. On December 10, 1999, the BIA reiterated its holding in *L-G-* that simple possession of marijuana would not be considered an aggravated felony for immigration purposes, regardless of the manner in which it was treated by the state authorities. *Matter of K-V-D-*, 22 I&N Dec. 1163 (BIA 1999). On May 11, 2001, the Fifth Circuit decided *U.S. v. Hernandez-Avalos,* 251 F.3d. 505 (5th Cir. 2001), which, in strongly worded *dicta,* disapproved of *Matter of K-V-D-.* And although the pertinent language in *Hernandez-Avalos* was, indeed, *dicta,* the Board has

followed this conclusion for cases arising within this judicial Circuit. On February 8, 2002, in *Gerbier v. Holmes,* 280 F.3d. 297 (3rd Cir. 2002), the Third Circuit joined the Second Circuit, [1] in holding that a state felony conviction for the offense of simple possession of a controlled substance is **not** an aggravated felony for immigration purposes. On February 14, 2002, the BIA issued *Matter of Salazar,* Int. Dec. 3462 (BIA 2002). The Board declined therein to follow *Lujan-Armendariz* outside of the Ninth Circuit, and held that, in light of *Hernandez-Avalos,* it would not apply *Matter of K-V-D-* in the Fifth Circuit.

9. On October 7, 2002, the Immigration Judge ordered Mr. Garcia removed, finding him ineligible for any form of relief. He timely appealed to the BIA. However, prior counsel failed to file a timely brief with the BIA in support of said appeal, which, on January 21, 2004, affirmed the Immigration Judge. (Exhibit A).

## V. THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1. STATUTORY CONSTRUCTION

#### a. AGGRAVATED FELONY

Ms. Aguilar first urges that the Board erred as a matter of law in its conclusion that *U.S. v. Avalos-Hernandez, supra,* controls the resolution of the question of whether his first-time probation

---

[1] *Aguirre v. INS,* 79 F.3d 315 (2d Cir. 1996).

disposition constitutes an aggravated felony. The language therein disapproving of *Matter of K-V-D-* was clearly *dicta,* and the Board should not have applied it to Mr. Garcia. To the contrary, Mr. Garcia asserts that the Board correctly decided *Matter of K-V-D-,* and that it erred in not applying said decision herein.

**b. *MATTER OF ROLDAN, SUPRA.***

Mr. Garcia also urges that, as a question of law, *Matter of Roldan,* I.D. No. 3377 (BIA 1999), holding that *Manrique* had been superceded by 8 U.S.C. §1101(a)(48)(A), was incorrectly decided, and that §1101(a)(48)(A) was not intended to, and did not, legislatively overrule *Matter of Manrique, supra. See,* Dissenting Opinion by Board Member Lory Rosenberg, in which Board Members Villageliu, and Espenoza, joined. (23 I&N Dec. at 237-251). *See also,* Dissenting Opinion of Board Member Anthony Moscato, in which Board Member Villageliu, joined. (*Id.*, 23 I&N Dec. at 251-252).

**2. EQUAL PROTECTION**
**DIFFERING RESULTS IN DIFFERENT JURISDICTIONS**

Mr. Garcia also asserts that, given the national character of immigration law, it violates Equal Protection for the result of his case to depend solely on the federal jurisdiction in which it arose, such that, had he been placed in removal proceedings in the Ninth Circuit, proceedings would have been terminated, under *Lujan-Armendariz v. INS,* 222 F.3d 728 (9th Cir. 2000) (holding that, as matter of Equal Protections, immigrants who received the state equivalent of Federal First Offender Treatment for first-time drug offenses were not subject to deportation).

**3. SUBSTANTIVE DUE PROCESS**

As a permanent resident, Mr. Garcia has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See,* Dissenting Opinion of Board

Member Rosenberg, *supra* at 238. *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S. 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland,* 431 U.S. 494,499 (1977), and *Stanley v. Illinois,* 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As a lawful permanent resident, Mr. Garcia enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

Mr. Garcia asserts that the combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies," constitutes an unconstitutional "conclusive presumption" that all LPRs who have been convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

**4. PROCEDURAL DUE PROCESS**

Mr. Garcia also asserts that the Board's decision deprives him of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." To apply *Matter of Roldan* and *U.S. v. Hernandez-Avalos* to Mr. Garcia retroactively converts a disposition which, at the time of his plea bargain, assured his eligibility for discretionary relief, into one which mandates his deportation. Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is a penalty - at times a most serious one - cannot be doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see also *ibid.* (Deportation places "the liberty of an individual ... at stake.... Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively attached to the "criminal offense," not by any amendment to the statute, but by virtue of changed administrative and judicial interpretations thereof.

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes in the penalty imposed, in a wholly unexpected manner. *See,* Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998. *See also, Arce v. Walker,* 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n.

> 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper,* 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178 (1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, rather than criminal punishment, is involved. As the Supreme Court recently held in *BMW of North America v. Gore,* 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22
>
> FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties.*

For a lawful permanent resident such as Mr. Garcia, there can be not question but that deportation is a "civil penalt[y]" imposed as a result of her criminal "conviction" for possession of marijuana. It therefore violates Due Process as a retroactive application of new construction of a statute, as in *Bouie v. City of Columbia, supra*, and because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra*. And, as in *BNW of North America v. Gore, supra*, it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." [2]

## 5. INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Mr. Garcia urges that the instant order violates international law, and treaty obligations between the United States and Mexico, his country of origin. *See, Beharry v. Reno,* 183 F.Supp.2d 584,593-599 (E.D.N.Y. 2002): [3]

Respectfully Submitted,

Lisa S. Brodyaga, Attorney

Thelma O. Garcia, Attorney

---

[2] This is very similar to, and is reinforced by, the "void for vagueness" analysis of *Jordan v. DeGeorge*, 341 U.S. 223,231 (1951) (statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

[3] Reversed, *sub nom Beharry v. Ashcroft,* 329 F.3d 51 (2nd Cir. 2003), for failure to exhaust administrative remedies, by raising the international law issue with the Immigration Judge or the BIA.

17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with the basic elements of Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, certify that a courtesy copy of the foregoing, with exhibits, was personally delivered to the office of the United States Attorney, Brownsville, Texas, this 19th day of April, 2004.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GUADALUPE GARCIA-MUNIZ, )
)
v. )
)
TOM RIDGE, DIRECTOR, DEPARTMENT OF )
HOMELAND SECURITY, AND )
THE UNITED STATES OF AMERICA. )
)

EXHIBIT "A" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Gonzalez, Ricardo, Esquire**
**3036-A South Port Avenue,**
**Corpus Christi, TX 78405-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: GARCIA-MUNIZ, GUADALUPE** **A44-336-821**

**Date of this notice: 01/21/2004**

DEPARTMENT OF JUSTICE E.O.I.R IMMIGRATION COURT RECEIVED 2004 JAN 27 A 10:08 201 E. JACKSON, HARLINGEN, TEXAS 78550

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
PAULEY, ROGER

VENEYD

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Falls Church, Virginia 22041**

**Decision of the Board of Immigration Appeals**

File: A44-336-821 - HARLINGEN

Date: JAN 21 2004

In re: GARCIA-MUNIZ, GUADALUPE

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Gonzalez, Ricardo, Esquire

ON BEHALF OF DHS: Cheri L. Jones

ORDER:

PER CURIAM. We adopt and affirm the decision of the Immigration Judge. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision"). On appeal, the respondent argues that the Immigration Judge should have granted the respondent's motion to reset the hearing due to a scheduling conflict on the respondent's attorney's part. The respondent has not shown that he was prejudiced by the Immigration Judge's decision. See Ojeda-Terrazas v. Ashcroft, 290 F.3d 292 (5th Cir. 2002). The respondent had filed a motion to terminate, which the Immigration Judge fully considered. The respondent did not file a timely brief and has not otherwise shown that the result would have changed had he appeared with counsel. The respondent's conviction is an aggravated felony under United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001) and Matter of Salazar, 23 I&N Dec. 223 (BIA 2002). The respondent is not eligible for relief. Accordingly, the appeal is dismissed.

DEPARTMENT OF JUSTICE
E.O.I.R.
IMMIGRATION COURT
RECEIVED
2004 JAN 27 A 10:28
201 E. JACKSON
HARLINGEN, TEXAS 78550

FOR THE BOARD

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 EAST JACKSON STREET
HARLINGEN, TX 78550

**IN THE MATTER OF:** *
*
GUADALUPE GARCIA-MUNIZ * **CASE NO.** A44 336 821
*
**RESPONDENT** *

**ON BEHALF OF THE RESPONDENT:**
Ricardo Gonzalez, Esq.
3036-A So. Port
Corpus Christi, Texas 78405

**ON BEHALF OF THE SERVICE:**
Cheri L. Jones, Esq.
U.S. Immigration & Naturalization Service
P.O. Box 1711
Harlingen, Texas 78551

**ORDER**

Pending before the Court is the Respondent's, Guadalupe Garcia-Muniz, Motion Requesting Re-Setting Of October 7, 2002, Master Hearing. The Court would point out that this hearing is set for a hearing on the merits and is not a master calendar setting. Given the age of this case and the untimeliness of the Motion, and given that Counsel has several associates who could have appeared on behalf of Mr. Garcia, the Court finds that said Motion should be denied.

Mr. Garcia's former Counsel had also filed a Motion To Terminate Or, In The Alternative, To Hold Proceedings In Abeyance Pending BIA Decision ("Motion). The Immigration and Naturalization Service ("Service") has filed its Response To Motion To Terminate And Opposition To Request For Voluntary Departure (Response). For the reasons cited to by the Service therein, the Court finds that these proceedings should not be terminated. In addition, the Court finds, for the reasons cited to by the Service in its Response, that Mr. Garcia has been convicted of an aggravated felony. As a result, the Court finds that Mr. Garcia is currently ineligible for any relief from removal, including voluntary departure, given that he has been convicted of an aggravated felony.[2] As a result, the Court finds that it has no other alternative

[2]Given that Mr. Garcia's crime was not considered an aggravated felony at the time he pled guilty, the Court is of the opinion that Mr. Garcia is, pursuant to INS v. St Cyr, arguably eligible to pursue relief. However, there is no case on point concerning this issue and, rather than go through a hearing on the merits of this issue at this time, only to have the case undoubtedly appealed by one side or the other, it does appear to be in the best interest of judicial economy to have this matter

but to order Mr. Garcia removed from the United States to Mexico.

Wherefore, the following Orders will be entered:

IT IS HEREBY ORDERED that Mr. Garcia's Motion Requesting Re-Setting Of Hearing be and is hereby DENIED.

IT IS HEREBY ORDERED that Mr. Garcia be and is hereby ordered **REMOVED** from the United States to Mexico.

Dated this 7th day of October, 2002.

D.L./14

MARGARET D. BURKHART
IMMIGRATION JUDGE

addressed at this time by the appropriate appellate body.